COLTRANE v. BALTIMORE BUILDING & LOAN ASS'N.

(Circuit Court, W. D. Virginia. October 28, 1903.)

1. JUDICIAL SALES—CONFIRMATION—NOTICE.

When confirmation of a judicial sale is desired, the better practice is to serve on counsel notice that at a time and place stated decree nisi will be moved for. The motion, when made, should be accompanied by proof of service of such notice.

2. SAME—PERSON MOVING FOR CONFIRMATION.

The purchaser at judicial sale is not the only one who may move for confirmation.

McDOWELL, District Judge. In Williamson v. Berry, 8 How. 546, 12 L. Ed. 1170, it is said that the usual practice is for the purchaser to give notice to the solicitors in the cause of a motion to confirm the sale. Thereupon a decree nisi is entered, to the effect that the sale will be confirmed unless cause be shown to the contrary within a stated time. In Pewabic Mining Company v. Mason, 145 U. S. 364, 12 Sup. Ct. 887, 36 L. Ed. 732, is a quotation from 2 Daniell's Ch. Pl. & Pr. (4th Am. Ed.) p. 1274, to the effect that the motion for the decree nisi is made without notice, and that the decree nisi itself is served upon the counsel, and thereafter upon proof of such service, if no cause be shown against it, a decree absolute is entered. In 1 Foster, Fed. Pr. (3d Ed.) p. 696, the practice indicated in 145 U. S., 12 Sup. Ct., and 36 L. Ed., is laid down as the proper practice. In 2 Bates, Fed. Eq. Proc. § 724, the author gives his adherence to the practice as laid down in the 8 How. and 12 L. Ed. case. In regard to the case in 145 U. S., 12 Sup. Ct., and 36 L. Ed., it is to be noticed that the quotation from Daniell is immediately followed by one from 8 Am. & Eng. Enc. (1st Ed.) p. 254, to the effect that notice of the motion for decree nisi is to be given.

Some of the receivers of the different estates being administered by this court have adopted one of the above methods and some the other, and I have come to the conclusion that it would be advisable that the same method be adopted in all cases. On the whole, I think the better practice is that laid down in 8 How. and 12 L. Ed.; that is, that notice of the motion for decree nisi should be served on counsel, and with the motion should be filed proof of service of such notice. On the day fixed in the notice, or as soon thereafter as the court can reach the matter, a decree will be entered that the sale will be confirmed unless cause to the contrary be shown within ―――― days thereafter (usually eight days). If the other practice is followed, there will generally be difficulty as to fixing the time and place of hearing objections to the confirmation. It is therefore advised that counsel moving for decree nisi will accompany the motion with proof that reasonable notice has been served upon counsel in the cause that decree nisi will be asked for, which notice will state the time and place for the making of said motion. When the time fixed in the decree nisi has expired, if there has been no objection, a decree should be submitted to the judge for signature, reciting the fact that no cause against confirmation has been shown, and making the confirmation absolute. Usually the practice in this respect is governed by rule of court. But there is no rule of the circuit court of this district on this subject.

While it is usual for the purchaser to give the notice that motion for decree nisi will be made, I do not understand that he is the only party who can give such notice. Frequently the purchaser is dilatory in seeking confirmation, and no reason at present occurs to me why the creditor or the receiver may not give the notice and make the motion.